Matthew A. Becker, Esq., (SB# 190748)
Karen M. Hawkes, Esq., (SB# 236847)
**THE LAW OFFICE OF MATTHEW A. BECKER, PC**
1003 Isabella Avenue
Coronado, California 92118
Telephone: (619) 522-6760
Facsimile: (619) 522-6763

Attorneys for Defendants
Leo Radvinsky and Cybertania, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>LEO RADVINSKY, an individual; CYBERTANIA, INC., an Illinois corporation; DATA CONVERSIONS, INC. (FORMERLY KNOWN AS AEBN, INC.), a North Carolina corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: CV13-07279-SVW(Ex)<br><br>**ANSWER OF DEFENDANTS LEO RADVINSKY AND CYBERTANIA, INC. TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendants LEO RADVINSKY, an individual and CYBERTANIA, INC., an Illinois corporation (hereinafter "Defendants") for themselves and for no others, and for their Answer to the Complaint filed in this action on or about October 2, 2013 (hereinafter "Complaint") by Plaintiff PERFECT 10, INC., (hereinafter "Plaintiff") and hereby admit, deny and allege, upon information and belief, as follows:

///

**PRELIMINARY STATEMENT**

The Complaint improperly mixes factual averments with argumentative rhetoric so as to make succinct admissions or denials of such averments difficult or impossible.  Many of the allegations in the Complaint are overly broad, vague, ambiguous, or include undefined terms that are susceptible to different meanings.  Accordingly, by way of a general response, all allegations of the Complaint are denied unless specifically admitted and any factual averment admitted is admitted only as to specific facts and not as to any conclusions, characterizations, implications or speculations which may be contained in the allegation or in the Complaint as a whole.

The initial response set out in this Preliminary Statement is incorporated, to the extent applicable, in each of the responses of Defendants below.  These responses are separately numbered to refer to the corresponding numbered paragraphs of the Complaint.  Headings of the Complaint are incorporated (in quotations) in this Answer for ease of reference only and are denied to the extent, if any, that they are deemed to contain factual averments.

**RESPONSE TO COMPLAINT**

**"JURISDICTION AND VENUE"**

1.     Defendants admit the parties are citizens of different states but deny the remaining allegations of paragraph 1 of the Complaint.

2.     Defendants deny the allegations of paragraph 2 of the Complaint.

3.     Defendants deny the allegations of paragraph 3 of the Complaint.

**"THE PARTIES"**

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on this basis deny all such allegations.

5.     Defendants admit the allegations of paragraph 5 of the Complaint.

6.     Defendants deny the allegations of paragraph 6 of the Complaint.

Case No.: 11-CV-1416- MMA-MDD
ANSWER OF DEFENDANTS  LEO RADVINSKY AND CYBERTANIA, INC. TO PLAINTIFF'S COMPLAINT

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on this basis deny all such allegations.

8.     Defendants deny the allegations of paragraph 8 of the Complaint

**"THE BUSINESS OF PERFECT 10"**

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on this basis deny all such allegations.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on this basis deny all such allegations.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on this basis deny all such allegations.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on this basis deny all such allegations.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on this basis deny all such allegations.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on this basis deny all such allegations.

15.     Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on this basis deny all such allegations.

17.     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 17 and on this basis deny all such allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on this basis deny all such allegations.

**"THE BUSINESS OF RADVINSKY"**

19. Defendants admit the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to whether Perfect 10 sent notices to Radvinsky and on this basis deny such allegations and all remaining allegations of paragraph 25 of the Complaint.

**"THE BUSINESS OF AEBN"**

26. Defendants admit that AEBN and Radvinsky have a business relationship but deny the remaining allegations of paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on this basis deny all such allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on this basis deny all such allegations.

**"FIRST CLAIM FOR RELIEF"**

**"(Copyright Infringement)"**

**"Against Radvinsky and Cybertania"**

29. Answering paragraph 29 of the Complaint, Defendants incorporate by

this reference their responses to paragraphs 1 through 28 of the Complaint, inclusive.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on this basis deny all such allegations.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on this basis deny all such allegations.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Complaint.

**"SECOND CLAIM FOR RELIEF"**

**"(Trademark Infringement)"**

**"Against All Defendants"**

42.     Answering paragraph 42 of the Complaint, Defendants incorporate by this reference their responses to paragraphs 1 through 41 of the Complaint, inclusive.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on this basis deny all such allegations.

44.     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 44 and on this basis deny all such allegations.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on this basis deny all such allegations.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and on this basis deny all such allegations.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and on this basis deny all such allegations.

48.     Defendants deny the allegations of paragraph 48 of the Complaint.

49.     Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants deny the allegations of paragraph 52 of the Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

**"THIRD CLAIM FOR RELIEF"**

**"(Trademark Dilution)"**

**"Against All Defendants"**

55.     Answering paragraph 55 of the Complaint, Defendants incorporate by this reference their responses to paragraphs 1 through 54 of the Complaint, inclusive.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on this basis deny all such allegations.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Complaint.

### "FOURTH CLAIM FOR RELIEF"

### "(Breach of Contract)"

### "Against Radvinsky and Cybertania"

60.     Answering paragraph 60 of the Complaint, Defendants incorporate by this reference their responses to paragraphs 1 through 59 of the Complaint, inclusive.

61.     Defendants admit that they entered into a Settlement Agreement with Plaintiff.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on this basis deny all such allegations.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

### "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to any relief sought in the Prayer for Relief section of the Complaint, including the paragraphs in the Prayer for Relief section numbered 1 through 11 and subparts thereto.

### RESPONSE TO ALL ALLEGATIONS

Defendants deny each and every allegation set forth in the Complaint that is not expressly admitted above.

### AFFIRMATIVE DEFENSES

Pleading further and without waiving the above Answer, Defendants assert that Plaintiff's claims are barred in whole or in part, based on one or more of the following affirmative defenses:

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The causes of action set forth in the Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Register)

2.      Upon information and belief, Plaintiff's claims and/or relief is/are barred in whole or part to the extent that Plaintiff has not properly or timely registered its works.

## THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

3.      Plaintiff's claims are barred in whole or part because Defendants' use, if any, of Plaintiff's copyrighted works and/or trademarks constitutes a fair use.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

4.      Upon information and belief, Plaintiff is not the owner or exclusive licensee of some of the copyrights at issue in this action.  As a result, Plaintiff's claims are barred, in part, by lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

### (Substantial Non-Infringing Use)

5.      Plaintiff's claims are barred in whole or part because Defendants' websites and relevant third party websites have substantial or commercially significant noninfringing activity.

## SIXTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

6.      The damages referred to in the Complaint by Plaintiff were proximately caused by Plaintiff and/or others affiliated in any manner with Plaintiff in that at all times relevant therein, Plaintiff failed to exercise for its own

protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if Defendants committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Plaintiff and/or entities or persons associated in any manner with the Plaintiff contributed to the happenings of Plaintiff's alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (DMCA Safe Harbor)

7.     Plaintiff's claims are barred in whole or part by the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

8.     Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

9.     The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or Plaintiff. Accordingly, the liability of the Defendants and responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (No Damages or Entitlement to Fees)

10.     Plaintiff has not actually lost any revenue attributable to the alleged conduct of Defendants and is not entitled to recover damages or attorneys' fees.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Defendants are informed and believe and on such information and belief allege that Plaintiff is barred from recovery as against Defendants by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Excessive Damages)

12.     The statutory damages sought are legally and factually excessive and, if awarded, would violate Due Process.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     Defendants are informed and believe and on such information and belief allege that Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     The causes of action set forth in the Complaint, and each of them, are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

15.     The causes of action set forth in the Complaint, and each of them, are barred because Plaintiff cannot show actual damages as a result of any acts or omissions by Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

16.     Defendants are informed and believes and on such information and belief allege that the relief sought by Plaintiff would result in unjust enrichment.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

17.     Plaintiff's state law claims are preempted by the Communications Decency Act ("CDA") as construed in *Perfect 10, Inc. v. CCBill,* 488 F.3d 1102 (9th Cir.), *cert. Denied,* 128 S. Ct. 709 (2007). Plaintiff's state law claims are further preempted by the Copyright Act. 17 U.S.C. § 301.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Trademark Rights)

18.     Defendants are informed and believe and thereon allege that Plaintiff's claims are barred in whole or part because Plaintiff has no rights in any of its alleged marks.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Trademarks Merely Descriptive)

19.     Defendants are informed and believe and thereon allege that Plaintiff's claims are barred in whole or part because Plaintiff's alleged trademarks are merely descriptive.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unfair Business Practices)

20.     Defendants are informed and believe and thereon allege that Plaintiff's claims are barred in whole or part by Plaintiff's unfair business practices.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully prays that this Court grant the following relief with respect to Plaintiff's Complaint:

(1)     That Plaintiff take nothing by its suit herein;

(2)     That judgment be entered in favor of Defendants;

(3)     That Defendants be awarded its attorneys' fees and costs of suit herein to the extent allowed by law; and

1          (4)    That Defendants be awarded such other and further relief as the Court

2    may deem just and proper.

3    Dated:  November 22, 2013              Respectfully submitted,
                                           The Law Office of Matthew A. Becker, P.C.
4

5                                          By: /s/ Matthew A. Becker
                                           Matthew A. Becker, Esq.
6                                          Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 22, 2013         Respectfully submitted,
The Law Office of Matthew A. Becker, P.C.

By: /s/ Matthew A. Becker
Matthew A. Becker, Esq.
Attorneys for Defendants

**Case No.: 11-CV-1416- MMA-MDD**
**ANSWER OF DEFENDANTS  LEO RADVINSKY AND CYBERTANIA, INC. TO PLAINTIFF'S COMPLAINT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on **November 22, 2013**, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system  per Civil Local Rule 5-3 2.1.


/s/ Matthew A. Becker
Matthew A. Becker
matt@beckerlawfirm.com

Case No.: 11-CV-1416- MMA-MDD
ANSWER OF DEFENDANTS  LEO RADVINSKY AND CYBERTANIA, INC. TO PLAINTIFF'S COMPLAINT