| | |
|---|---|
| 1 | Eric J. Benink, Esq., SBN 187434 |
| 2 | eric@kkbs-law.com |
|   | KRAUSE KALFAYAN BENINK & SLAVENS, LLP |
| 3 | 550 West C Street, Suite 530 |
|   | San Diego, CA 92101 |
| 4 | P 619.232.0331  |  F 619.232.4019 |
| 5 | |
|   | Lynell D. Davis, Esq., SBN 271152 |
| 6 | lynell@perfect10.com |
|   | Natalie Locke, Esq., SBN 261363 |
| 7 | natalie@perfect10.com |
|   | PERFECT 10, INC. |
| 8 | 11803 Norfield Court |
|   | Los Angeles, CA 90077 |
| 9 | P 310.476.0794  |  F 310.476.8138 |
| 10 | |
|   | Attorneys for Plaintiff Perfect 10, Inc. |
| 11 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERFECT 10, INC., a California corporation, | | CASE NO.  2:13-cv-07279-SVW-E |
| | | **DISCOVERY MATTER** |
| Plaintiff, | | *Before Hon. Charles F. Eick* |
| v. | | **PLAINTIFF PERFECT 10, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF PERFECT 10, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS LEO RADVINSKY AND CYBERTANIA, INC.; AND PLAINTIFF PERFECT 10, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS LEO RADVINSKY AND CYBERTANIA, INC.** |
| LEO RADVINSKY, an individual; CYBERTANIA, INC., an Illinois corporation; and DOES 1 through 100, inclusive, | | |
| Defendants. | | |
| | | Noticed Date:  March 28, 2014<br>Time:           9:30 a.m.<br>Courtroom:    20, 3rd Floor |
| | | *Proposed Date:* March 14, 2014<br>*Time:*           9:30 a.m.<br>*Courtroom:*    20, 3rd Floor |

Plaintiff Perfect 10's Motion to Compel Responses to Interrogatories and Document Requests
from Defendants Radvinsky and Cybertania

**Statement of Local Rule 37-2.4 Compliance**

Perfect 10's counsel attempted to meet and confer with Defendants pursuant to Local Rule 37.1.  Unfortunately, Defendants failed to provide a date in response to Perfect 10's letter requesting a time to meet and confer within ten days as required by Local Rule 37.1.  Davis Decl. ¶¶2, 12, Exhs. 1, 11.

Dated: February 28, 2014      Respectfully submitted,

By: _____
Lynell D. Davis, Esq.
Attorney for Plaintiff Perfect 10, Inc.

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  INTERROGATORIES .......................................................................................2

    A.   Interrogatory No. 2..................................................................................3

    B.   Interrogatory No. 4..................................................................................5

    C.   Interrogatory No. 6..................................................................................6

    D.   Interrogatory No. 7..................................................................................6

    E.   Interrogatory No. 8..................................................................................8

III. REQUESTS FOR THE PRODUCTION OF DOCUMENTS .........................9

    A.   Document Request Nos. 1 and 2...........................................................10

    B.   Document Request No. 3 ......................................................................12

    C.   Document Request No. 4 ......................................................................12

    D.   Document Requests Nos. 15 and 16 .....................................................13

IV.  CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Bryant v. Mattel*, Inc., 2007 WL 5416681 (C.D.Cal., 2007) .................................. 9, 11

*Columbia Pictures Industries, Inc. v. Bunnell*,
  2007 WL 4916964 (C.D.Cal.) ............................................................................ 9, 13

*Devermont v. City of San Diego*, 2013 WL 1561496 (S.D.Cal. 2013) .......... 3, 6, 7, 8

*DIRECTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D.Cal.2002) ........................................ 10

*Marti v. Baires*, 2012 WL 2029720 (E.D.Cal., 2012) .................................................. 3

*Perfect 10, Inc. v. Leo Radvinsky, et. al.*,
  United States District Court, Central District of California,
  Case No. CV 99-7376-RAP (Mcx) .................................................................... 4, 7, 9

*Regis Paper Co. v. United States*, 368 U.S. 208 (1961) ............................................ 12

*Walt Disney co. v. DeFabiis*, 168 F.R.D. 281 (C.D.Cal., 1996) ................................. 3


**Statutes**

Fed. R. Civ. P. 26(b) .............................................................................. 1, 3, 9, 14

Fed. R. Civ. P. 33(b) ................................................................................... passim

Fed. R. Civ. P. 33 ................................................................................................ 2

Fed. R. Civ. P. 34 ............................................................................................ 2, 9


**Other Authorities**

Local Rule 37-1 ............................................................................................. 1, 2

Local Rule 37-2.4(a) ........................................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 36 and Local Rule 37, Plaintiff Perfect 10, Inc. ("Perfect 10") submits this Motion to Compel Further Responses to Perfect 10's First Set of Interrogatories to Defendants Leo Radvinsky ("Radvinsky") and Cybertania, Inc. ("Cybertania")(collectively "Defendants") and First Set of Requests for the Production of Documents to Defendants (the "Motion"). Defendants' Responses to Perfect 10's First Set of Interrogatories and First Set of Requests for the Production of Documents, are attached to the Declaration of Lynell D. Davis in support of Perfect 10's Motion ("Davis Decl.") as Exhs. 7-10 (the "Responses"). Pursuant to Local Rule 37-1 and Local Rule 37-2.4(a), Perfect 10 attempted to contact Defendants in an effort to meet and confer regarding Defendants' non-compliant responses to Perfect 10's discovery requests, but Defendants failed to provide a date to meet and confer regarding Perfect 10's letter within ten days. Davis Decl. ¶¶2, 12, Exhs. 1, 11.

Perfect 10 moves for a determination regarding the insufficiency of Defendants' Responses to Perfect 10's First Set of Interrogatories and Perfect 10's First Set of Requests for the Production of Documents as explained below, and moves this Court to overrule Defendants' objections and compel Defendants to provide sufficient and compliant responses and documents. Perfect 10's Interrogatories and Requests for the Production of Documents are clearly relevant and Defendants' Responses are inadequate in many respects.

Defendants' Responses do not comply with the requirements set forth in Fed. R. Civ. P. 26(b). In an effort to narrow disputed facts, Perfect 10 has propounded 9 Interrogatories and 35 Requests for Production of Documents to each Defendant. In response, Defendants have refused to provide compliant responses to at least 6 of the 9 interrogatories, and most of the 35 requests for production. Defendants have objected to producing responsive documents which go to core issues, including but

not limited to, Defendants' payments to and revenues gained from advertising on known infringing websites. Defendants' Responses to Perfect 10's Interrogatories and Request for Production are wholly inadequate and demonstrate that Defendants have made no reasonable effort to respond to discovery as required by Fed. R. Civ. P. 33 and 34.

The vast majority of Defendants' Responses to Perfect 10's First Set of Interrogatories suffer from one or more of the following defects, as discussed in further detail below. First, virtually all of the specific responses set forth in Defendants' Responses include objections that are baseless and lack merit. Second, in response to information requested by Perfect 10 that is necessary and relevant to Perfect 10's claims, Defendants' have responded with insufficient and unsupported boilerplate objections.

Defendants failed to meet and confer in a timely manner with Perfect 10 pursuant to Local Rule 37-1, as a result Perfect 10 was forced to proceed with this Motion pursuant to Local Rule 37-2.4(a). Davis Decl. ¶¶2, 12, Exhs. 1, 11. As set forth below, the Court should compel Defendants to answer Perfect 10's Interrogatories in full compliance with Fed. R. Civ. P. 33 and provide responsive documents in response to Perfect 10's Requests for Production in full compliance with Fed. R. Civ. P. 34

## II. INTERROGATORIES

In general, Defendants' Responses to Perfect 10's First Set of Interrogatories feature objections that are baseless and lack merit. Defendants are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

First, Defendants' boilerplate objections fail to comply with the requirements of Fed. R. Civ. P. 33(b), "when a party provides 'only boilerplate, inadequate responses' the other party is entitled to an order compelling complete, substantive

responses to interrogatories." *Devermont v. City of San Diego*, 2013 WL 1561496 at *3 (S.D.Cal., 2013). Defendants have raised unsupported boilerplate objections to Perfect 10's Interrogatories stating for example that they are "overbroad," and "burdensome." Defendants have objected to requests that are in fact clearly relevant to Perfect 10's claims. However, Defendants fail to provide specific support for these objections, as such, Perfect 10 asks this Court to overrule boilerplate objections and compel Defendants to provide sufficient and compliant responses. "All grounds for objection must be 'stated with specificity' or the objection is waived. An 'evasive or incomplete… answer, or response is to be treated as a failure to …answer, or respond." Fed. R. Civ. P. 33(b)(1) and (4); 34; and 37(a)(3). In fact, reliance on boilerplate objections has been held to be an abuse of the discovery process. See *Marti v. Baires*, 2012 WL 2029720 (E.D.Cal., 2012).

Second, Defendants' objections based upon "Defendants' right to privacy" fail. For example, Defendants object to Perfect 10's Interrogatories Nos. 2-4, stating that each the Interrogatory violates the Defendants' "right to privacy." This objection is improper, "only privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)." *Walt Disney co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D.Cal., 1996).

**A.  Interrogatory No. 2**

INTERROGATORY NO. 2:

Please provide YOUR total revenues for each of the years 2011, 2012, and 2013.

RESPONSE TO INTERROGATORY NO. 2:

OBJECTION: Defendant objects to this request on the grounds that it is overbroad, violates Defendant's right to privacy, and request information that is not likely to lead to the discovery of admissible evidence. RESPONSE: A) The total revenue from the entire site

AEBN (MyFreePaysite and UltraPasswords,) for 2013, the revenue was $68,033.97.  B) The total revenue for 2013 from the Adult Rental Cash (whitelabel account,) was $10.21.  C) The total revenue for 2013 from Adult Rental Cash (direct link) was $4,020.88.  D) There was no revenue from "myfreecams imagevenue.com link" for the years 2009, 2010, 2011 or 2012.  The total gross revenue for 2013 was $4,253.76.

Defendants revenues are most definitely relevant to the determination of the amount of Defendants' profit that is attributable to its misuse of Perfect 10's Trademarks and copyrights.  Obviously, if Defendants are making hundreds of millions of dollars a year as they claim on their website myfreecams.com, that would be very relevant to the determination of Perfect 10's damages from Defendants breach of their 2000 settlement agreement with Perfect 10, as well as profits of the infringer, and would impact any statutory damages award.  *See* Stipulation and Order for Dismissal Without Prejudice filed on June 14, 2000 in *Perfect 10, Inc. v. Leo Radvinsky, et. al.*, Case No. CV 99-7376-RAP (Mcx).

Defendants' response fails to provide a full and complete response to Interrogatory No. 2.  First, although Interrogatory No. 2 asks Defendants' to provide "total revenues for each of the years 2011, 2012 and 2013," Defendants only provide information regarding 2013.  Perfect 10 asks the Court to order Defendants to provide a supplemental response to Interrogatory No. 2 which includes the requested information for each year listed.

Second, Defendants' response is insufficient because it fails to provide information regarding "total revenues" and instead limits the revenues identified to certain categories.  The term "total revenues" encompasses all aspects of Defendants' business, without limitation.  Moreover, because myfreecams.com is currently the 281st most visited website in the United States according to alexa.com, Defendants' failure to include all of revenues, including from myfreecams.com, appears to greatly understate Defendants' total revenues.

4

Plaintiff Perfect 10's Motion to Compel Responses to Interrogtories and Document Requests from Defendants Radvinsky and Cybertania

Third, Defendants improperly limit their response regarding total revenue "from the entire site AEBN for 2013" to revenue from the websites "Myfreepaysite.com" and "Ultrapasswords.com." Moreover, Defendants improperly limit the revenue from "myfreecams.com, " which receives vastly more traffic than the websites listed, to "myfreecams from imagevenue.com link." Interrogatory No. 2 is not so limited. Perfect 10 asks that the Court order Defendants to provide a full and complete supplemental response to this interrogatory which includes total revenue for all aspects of Defendants' business for 2011, 2012, and 2012, including (but not limited to), the revenue for "myfreecams.com."

Finally, Defendants' response includes the term "whitelabel account." Defendants have failed to define this term, and should be required to do so.

**B.     Interrogatory No. 4**

INTERROGATORY NO. 4

Please list the amount of money YOU spent for advertising on websites in total, by year, for each of the years from 2011 to 2013.

RESPONSE TO INTERROGATORY NO. 4:

OBJECTION: Defendant objects to this request on the grounds that it is overbroad, it violates Defendant's right to privacy, requests information beyond the scope of the allegations in the Complaint and further requests information that is not likely to lead to the discovery of admissible evidence.

Defendants have failed to provide any response whatsoever to Interrogatory No. 4, and instead have raised only boilerplate objections. These boilerplate objections fail to comply with the requirements of Fed. R. Civ. P. 33(b) and fail to absolve Defendants from their obligation to provide a full and complete response to this interrogatory. As courts have noted, "when a party provides 'only boilerplate, inadequate responses' the other party is entitled to an order compelling complete,

substantive responses to interrogatories." *Devermont v. City of San Diego*, 2013 WL 1561496 at *3 (S.D.Cal. 2013). The total amount of money Defendants spent for advertising on their websites for 2011, 2012, and 2012 is extremely relevant to numerous issues issue in this case, including, without limitation, whether Defendants have been providing websites that infringe Perfect 10 images and/or trademarks with the monies needed for their continued operation, and are thus materially contributing to the infringement of those Perfect 10 images or trademarks.

### C. Interrogatory No. 6

INTERROGATORY NO. 6:

IDENTIFY each of YOUR employees, their titles and explain each of their responsibilities, as of the end of 2013.

RESPONSE TO INTERROGATORY NO. 6:

OBJECTION: Defendant objects to this request on the grounds that it is overbroad, is burdensome and requests information that is not likely to lead to the discovery of admissible evidence.

In response to Interrogatory No. 6, Defendants have raised objections and then provided responses stating that "Leo Radvinsky, CEO, is responsible for buying and advertising for Defendant on the internet." This response appears to be incomplete. Interrogatory No. 6 asks for the IDENTITY of all of Defendants' employees, their titles, and explain their responsibilities as of the end of 2013. Accordingly, Perfect 10 asks that the Court order Defendants to provide a full and complete supplemental response which provides all such information, in the alternative if it is Defendants' position is that Mr. Radvinsky is Defendants' sole employee, that Defendants be ordered to so state.

### D. Interrogatory No. 7

INTERROGATORY NO. 7:

IDENTIFY the PERSONS (both in-house and third parties)

|  |  |
|---|---|
| 1 | who have performed programming services for YOU during the year |
| 2 | 2000 to the present. |
| 3 | RESPONSE TO INTERROGATORY NO. 7: |
| 4 | OBJECTION: Defendant objects to this request on the grounds |
| 5 | that it is overbroad, is burdensome, is vague as to "programming |
| 6 | services," and requests information that is not likely to lead to the |
| 7 | discovery of admissible evidence. |

Defendants have failed to provide any response whatsoever to Interrogatory No. 7, and instead have raised only boilerplate objections.  These boilerplate objections fail to comply with the requirements of Fed. R. Civ. P.  33(b) and fail to absolve Defendants from their obligation to provide a full and complete response to this interrogatory.  As courts have noted, "when a party provides 'only boilerplate, inadequate responses' the other party is entitled to an order compelling complete, substantive responses to interrogatories." *Devermont v. City of San Diego*, 2013 WL 1561496 at *3 (S.D.Cal. 2013).

Perfect 10 does not agree that the term "programming services" is vague, had Defendants complied with the Local Rules and met and conferred perhaps the Parties may have been able to discuss any confusion Defendants may have had. However, given Defendants' failure to comply with the Local Rules, Perfect 10 ask the Court to compel Defendants to provide a compliant answer to Interrogatory No. 7.  Additionally, the identity of persons who performed programming services for Defendants is extremely relevant to many issues in this case, including, but not limited to, whether Defendants have instructed individuals working on their behalf to add instances of "Perfect 10" to myfreecams.com and other Defendants websites which violates the Stipulation and Order for Dismissal Without Prejudice filed on June 14, 2000 in *Perfect 10, Inc. v. Leo Radvinsky, et. al.*, Case No. CV 99-7376-RAP (Mcx).

///////

**E.     Interrogatory No. 8**

INTERROGATORY NO. 8:

IDENTIFY any website owners that YOU have paid to drive traffic to any of YOUR websites between January 1 2010 and December 31 2013.

RESPONSE TO INTERROGATORY NO. 8:

OBJECTION: Defendant objects to this request on the grounds that it is overbroad, is vague as to "website owners," violates Defendant's right to privacy, and requests information that is not likely to lead to the discovery of admissible evidence.

Defendants have failed to provide any response whatsoever to Interrogatory No. 8, and instead have raised only boilerplate objections. These boilerplate objections fail to comply with the requirements of Fed. R. Civ. P. 33(b) and fail to absolve Defendants from their obligation to provide a full and complete response to this interrogatory. As courts have noted, "when a party provides 'only boilerplate, inadequate responses' the other party is entitled to an order compelling complete, substantive responses to interrogatories." *Devermont v. City of San Diego*, 2013 WL 1561496 at *3 (S.D.Cal. 2013).

Perfect 10 does not agree that the term "website owners" is vague, had Defendants complied with the Local Rules and met and conferred perhaps the Parties may have been able to discuss any confusion Defendants may have had. However, given Defendants' failure to comply with the Local Rules, Perfect 10 ask the Court to compel Defendants to provide a compliant answer to Interrogatory No. 8. Additionally, the identities of website owners who Defendants have paid to drive traffic to Defendants' websites is extremely relevant to many issues in this case, including, but not limited to, whether Defendants have paid individuals or companies who have infringed Perfect 10 copyrights or trademarks, to provide links from their websites to Defendants, which in turn relate to issues regarding

8

Plaintiff Perfect 10's Motion to Compel Responses to Interrogtories and Document Requests from Defendants Radvinsky and Cybertania

contributory liability for copyright and trademark infringement and breach of contract. *See* Stipulation and Order for Dismissal Without Prejudice filed on June 14, 2000 in *Perfect 10, Inc. v. Leo Radvinsky, et. al.*, Case No. CV 99-7376-RAP (Mcx).

### III. REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendants have once again attempted to stifle Perfect 10's ability to obtain discovery pursuant to the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P 26(b)(1) and 34 Defendants must produce all relevant documents responsive to production requests within their possession, custody, and control.

First, Defendants have provided Perfect 10 with a list of boilerplate objections to the production of documents that are both extremely relevant to Perfect 10's claims in this matter and must be produced to comply with Fed. R. Civ. P. 34. See *Columbia Pictures Industries, Inc. v. Bunnell*, 2007 WL 4916964 at *5 (C.D.Cal., 2007) (defendant's objection "unduly burdensome and harassing" overruled as conclusory when defendants provided no facts or evidence to support a finding that a production would be so).

Secondly, Defendants' "right to privacy" objections fail. The Federal Rules of Civil Procedure permit courts to order discovery of confidential information in a manner that restricts disclosure, such as through a protective order. A protective order can be sufficient to address any confidentiality concerns. *Bryant v. Mattel, Inc.*, 2007 WL 5416681 (C.D.Cal., 2007) (holding that a protective order provided protection for confidential trade secret information when it had two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential-Attorney's Eyes Only" and requiring parties to use information produced in discovery only for purposes of the pending litigation and not for any other purpose). Additionally, Defendants cannot simply refuse to respond to Perfect 10's Requests for Production by making the bare contention that documents are "violate[s] Defendants' right to privacy" or "contain trade secrets" without

1  stating with specificity why such documents are confidential.  Even upon the
2  determination of confidentiality, such documents can still be discoverable.  It is
3  Defendant's burden to clarify, explain and support its objections.  *DIRECTV, Inc. v.*
4  *Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002).  Defendants have failed to do so.
5       Third, Defendants should be compelled to produce documents relating to its
6  finances as stated in Requests Nos. 1-4.  Defendants' revenue (No.1); the source of
7  Defendants revenue (No. 2); Defendants tax returns (No.3) and accountant reports
8  (No. 4) are extremely relevant to determine the amount of Defendants profit that is
9  attributable to its misuse of Perfect 10's Trademarks and copyrights.  Obviously, if
10 Defendants are making hundreds of millions of dollars a year as they claim on their
11 website myfreecams.com, that would be relevant to Perfect 10's damages, as well
12 as profits of the infringer, and would impact any statutory damages award.
13      As noted above, Defendants' bare assertions of boilerplate objections, fail for
14 lack of specificity as to why they are " burdensome," "overbroad," "not likely to
15 lead to the discovery of admissible evidence," and/or "unduly burdensome."
16     **A.**    **Document Request Nos. 1 and 2**
17 DOCUMENT REQUEST NO. 1:
18     DOCUMENTS sufficient to determine YOUR revenue in each
19 of the years 2009, 2010, 2011, 2012, and 2013.
20 RESPONSE TO DOCUMENT REQUEST NO. 1:
21     OBJECTION: Defendant objects to this request on the grounds
22 that it is burdensome, overbroad, violates Defendant's right to
23 privacy, requests documents that contain trade secrets and requests
24 information that is not likely to lead to the discovery of admissible
25 evidence.  RESPONSE: Refer to response to Interrogatory No. 2.
26 DOCUMENT REQUEST NO. 2:
27     DOCUMENTS sufficient to determine the sources of YOUR
28 revenues in each of the years 2009, 2010, 2011, 2012, and 2013.

1  RESPONSE TO DOCUMENT REQUEST NO. 2:

2  OBJECTION: Defendant objects to this request on the grounds
3  that it is burdensome, overbroad, violates Defendant's right to
4  privacy, requests documents that contain trade secrets and requests
5  information that is not likely to lead to the discovery of admissible
6  evidence.  RESPONSE: Refer to response to Interrogatory No. 2.
7  Defendants' responses to Request Nos. 1 and 2 are improper and insufficient.
8  Defendants cannot respond these Requests merely by referring Perfect 10 to
9  Defendants' response to Interrogatory No. 2.  Rather, Perfect 10 is entitled to
10 production of the actual documents requested, so that it may review and analyze
11 these documents itself.
12 Moreover, Defendants' contention that these Requests call for the production
13 of documents that contain trade secrets appears to be unsupportable.  At the very
14 least, Defendants should describe the nature of the requested documents that
15 Defendants assert contain trade secrets, so that Perfect 10 may assess this claim and
16 determine whether it is necessary for the parties to enter into a protective order for
17 Defendants to produce such responsive documents.  *See Bryant v. Mattel*, Inc., 2007
18 WL 5416681 (C.D.Cal., January 26 2007) (holding that protective order provided
19 sufficient protection for production of confidential trade secret information).
20 Defendants revenues are most definitely relevant to the determination of the amount
21 of Defendants profit that is attributable to its misuse of Perfect 10's Trademarks and
22 copyrights.  Obviously, if Defendants are making hundreds of millions of dollars a
23 year as they claim on their website myfreecams.com, that would be relevant to
24 Perfect 10's damages for breach of contract, as well as profits of the infringer, and
25 would impact any statutory damages award.  Defendants' objections to Requests for
26 Production Nos. 1-2 should be overruled.  Defendants should be required to
27 produce all responsive documents forthwith.
28 //////

1     **B.**     **Document Request No. 3**

2     DOCUMENT REQUEST NO. 3:

3         All state and federal income tax statements YOU filed in each

4     of the years  2009, 2010, 2011, 2012, and 2013.

5     RESPONSE TO DOCUMENT REQUEST NO. 3:

6         OBJECTION: Defendant objects to this request on the grounds

7     that it is burdensome, overbroad, violates Defendant's right to

8     privacy, requests documents that contain trade secrets and requests

9     information that is not likely to lead to the discovery of admissible

10     evidence.

11     This request seeks production of income tax statements filed for the years

12     2009-2013.  Defendants' boilerplate objections to this request, and their refusal to

13     produce any responsive documents, are improper.  First, Defendants need to explain

14     how federal and state tax returns conceivably can contain trade secrets.  Second, it

15     is well established that the tax returns sought by Perfect 10 are discoverable.  *See,*

16     *e.g., Regis Paper Co. v. United States*, 368 U.S. 208, 218-219 (1961).   Defendants'

17     objections to Requests for Production No. 3 should be overruled.  Defendants

18     should be required to produce all responsive documents forthwith.

19     **C.**     **Document Request No. 4**

20     DOCUMENT REQUEST NO. 4:

21         All accountant's reports for the years 2009 through 2013.

22     RESPONSE TO DOCUMENT REQUEST NO. 4:

23         OBJECTION: Defendant objects to this request on the grounds

24     that it is overbroad, vague as to "accountant's reports," burdensome,

25     violates Defendant's right to privacy, requests documents that contain

26     trade secrets and requests information that is not likely to lead to the

27     discovery of admissible evidence.  RESPONSE: None.

28     Defendants' objections to Request No. 4 are improper.  First, Defendants'

1  assertion that this request is "overbroad," "vague," and "burdensome," without
2  providing any facts or evidence to support this assertion, is insufficient. *See*
3  *Columbia Pictures Industries, Inc. v. Bunnell*, 2007 WL 4916964 at *5 (C.D.Cal.).
4  Second, Defendants' objection that the term "accountant's reports" is vague lacks
5  merit; the term "accountant's reports" means all reports prepared by an accountant.
6  Finally, Defendants' "trade secrets" objection lacks merit. At the very least,
7  Defendants should describe the nature of the requested documents that Defendants
8  assert contain trade secrets, so that Perfect 10 may assess this claim.

9   Accounts prepared by accountants on behalf of Defendants are directly
10 relevant in determining a) Defendants revenues, and b) Defendants payments for
11 advertising on websites that have infringed Perfect 10 copyrights, which relate to
12 issues of contributory liability, profits of the infringer, Perfect 10's damages from
13 Defendants breach of their 2000 settlement agreement with Perfect 10, and Perfect
14 10's statutory damages.

**D.   Document Requests Nos. 15 and 16**

DOCUMENT REQUEST NO. 15:

All emails and other COMMUNICATIONS between YOU and any advertising agency you have used for advertising on websites, between January 1, 2009 and December 31, 2013.

RESPONSE TO DOCUMENT REQUEST NO. 15:

OBJECTION: Defendant objects to this request on the grounds that it is overbroad, requests documents beyond the scope of the allegations in the Complaint, is burdensome and requests information that is not likely to lead to the discovery of admissible evidence.

RESPONSE: Defendants will produce documents CYB00025-CYB00033.

DOCUMENT REQUEST NO. 16:

All contracts and other agreements between YOU and any

1  advertising agency, covering ads promoting YOUR websites during
2  the period from January 1, 2009 and December 31, 2013.
3  RESPONSE TO DOCUMENT REQUEST NO. 16:
4  OBJECTION: Defendant objects to this request on the grounds
5  that it is overbroad, requests documents beyond the scope of the
6  allegations in the Complaint, is burdensome, violates Defendant's
7  right to privacy, and requests information that is not likely to lead to
8  the discovery of admissible evidence.  RESPONSE: Defendants will
9  produce documents CYB00025-CYB00033.
10 If Defendants have used Perfect 10 images or trademarks to drive traffic to
11 their websites, that would be a violation of the 2000 settlement agreement made
12 with Perfect 10.  The documents that Perfect 10 has requested are directly relevant
13 to this issue, as they may very well identify other infringing websites on which
14 Defendants have placed ads next to Perfect 10 images displaying Perfect 10
15 trademark and copyright notices.  Perfect 10 asked Defendants to confirm that the
16 document(s) identified by the bates numbers CYB00025-CYB00033 are the only
17 documents responsive to these requests and that Defendants are not withholding any
18 documents responsive to these requests based upon Defendants' objections or any
19 privilege.  Defendants failed to respond.  To the extent that there are any documents
20 responsive to these requests that Defendants are withholding, Perfect 10 asks the
21 Court to compel Defendants to immediately produce all such documents.
22 Alternatively, if Defendants are withholding any documents based on the assertion
23 of a privilege, or on any other ground, Perfect 10 asks the Court to compel
24 Defendants to comply with Fed. R. Civ. P. Rule 26(b)(5)(ii) and describe the nature
25 of the documents being withheld and the grounds on which Defendants are
26 withholding such documents, so that Perfect 10 may assess the validity of
27 Defendants' claim.
28 ///////

## IV. CONCLUSION

For the reasons discussed above, and because the deadline for filing summary judgment motions is April 7, 2014, Defendants should be ordered by no later than March 21, 2014, to (1) provide full and complete responses to Perfect 10's Interrogatories listed above; (2) produce all non-privileged documents responsive to Perfect 10's Requests for the Production of Documents as listed above; and (3) supply Perfect 10 with a privilege log reflecting all responsive documents withheld as to the above stated Requests on the basis of privilege. Defendants should also be ordered to reimburse Perfect 10 at least a portion of the fees that it has been forced to incur on this Motion.

Dated:  February 28, 2014         PERFECT 10, INC.

By _____
Lynell D. Davis
Attorney for Plaintiff
Perfect 10, Inc.